541 A.2d 739

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Delmar D. THOMAS, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 25, 1987.

Decided May 27, 1988.

Gerald R. Solomon, Dist. Atty., James R. Nesser, Uniontown, for appellant.

Grayce R. Kovacs, Charleroi, Mark F. Geary, Washington, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

HUTCHINSON, Former J., did not participate in the consideration or decision of this case.

McDERMOTT, J., files a dissenting opinion in which LARSEN, J., joins.

McDERMOTT, Justice, dissenting.

The Commonwealth seeks reversal of an order of the Superior Court which vacated a judgment of sentence of the Court of Common Pleas of Fayette County. Appellee was convicted by a jury on three counts each of involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123, indecent assault, 18 Pa.C.S. § 3126, and corruption of minors, 18 Pa. C.S. § 6301. Following post-trial motions, the trial court granted a new trial on the indecent assault charges and imposed a sentence of imprisonment of five to ten years.

The facts that gave rise to the charges are briefly and regretfully told. Ora Thomas moved in with appellee in 1981 along with her three minor children. She married appellee in 1982. Thereafter, there were numerous sexual contacts between appellee and the children between 1982 and 1984. The eldest, Gypsy, alleged that appellee had repeatedly touched her chest and vaginal area and subjected her to anal intercourse on many occasions. The next oldest, Angel, testified that appellee also touched her vaginal area and forced her to have anal intercourse with him on many occasions. The youngest, Orin, testified that

appellee forced him to engage in oral and anal intercourse, and appellee touched his penis on several occasions. In addition, Orin testified that on one occasion appellee had anal intercourse on him and his sister Angel in succession and then forced him to lick her "private part." On another occasion as testified by Gypsy appellee forced the two girls to lick each other's "privates" and then had anal intercourse with Angel.

On appeal, appellee contended, *inter alia,* that the trial court improperly allowed the consolidation of nine separate criminal informations for trial, i.e., three offenses against each of the three child victims. The Superior Court held that the crimes charged were neither temporally related, nor did they share common issues of law and fact, and therefore were not part of a single criminal episode. As a consequence the court concluded that the charges were not subject to the statutory bar of serial prosecutions for offenses arising in the same criminal episode, 18 Pa.C.S. § 110.[1] *See Commonwealth v. Flenory,* 351 Pa.Super. 27, 504 A.2d 1341 (1986); *Commonwealth v. Shirey,* 333 Pa.Super. 85, 481 A.2d 1314 (1984).

The Superior Court then held that the trial court abused its discretion in allowing consolidation under the provisions allowing discretionary joinder as set forth in Pa.R.Crim.P. § 1127 A(1)(a).[2] While the court agreed that the evidence

1. 18 Pa.C.S. § 110 provides in pertinent part:
   Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
   (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
   (i) any offense of which the defendant could have been convicted on the first prosecution;
   (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

2. The rule provides in pertinent part:

was separable and not likely to confuse the jury, it determined that the trial court abused its discretion because the evidence of the various incidents would not have been admissible in separate trials of the offenses charged. The court reasoned that while there were similarities in the evidence of the offenses, they were not so singular as to rise to the level that proof that appellee committed one would have made it likely he had committed the others. It determined therefore that the evidence did not fit the *modus operandi* exception to the rule that the evidence of one crime is inadmissible against a defendant being tried for another.

Evidence of a distinct crime, except under special circumstances, is inadmissible against a defendant who is being tried for another crime, since proof of the first crime is not proof of the crime for which he is being tried. The effect of such evidence is to create prejudice against the defendant's cause in the mind of the jury. *Commonwealth v. Morris,* 493 Pa. 164, 425 A.2d 715 (1981). The general rule, however, allows evidence of other crimes to be introduced to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial, in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. *Id.,* 493 Pa. at 175, 425 A.2d at 720. *Citing Commonwealth v. Fortune,* 464 Pa. 367, 373, 346 A.2d 783, 786 (1975); *Commonwealth v. Wable,* 382 Pa. 80, 84, 114 A.2d 334, 336 (1955).

The list of exceptions in *Morris* is not exclusive and this court will recognize additional exceptions to the general

(1) Offenses charged in separate indictments of informations may be tried together if:
    (a) The evidence of the offense would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion.

rule where the probative value of the evidence outweighs the tendency to prejudice the jury. The issue of admissibility is addressed to the discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. *Commonwealth v. Banks*, 513 Pa. 318, 350, 521 A.2d 1, 17 (1987).

In this case I emphasize that there was never any question that the children's testimony inculpated the appellant as the perpetrator. His identity was not at issue. What was at issue was whether he did as the children said he did. The Superior Court searched for connecting peculiarity, singularity or distinctiveness: evidence ·relevant to show *modus operandi*, a predicate to prove identity of an alleged perpetrator for more than one act. This was a totally irrelevant analysis, because who was the perpetrator of the acts was offered and was definitively not at issue in this case.

There is a definitive difference between proving the identity of a perpetrator, and proving whether acts were committed by the same person. *Modus operandi* is a proof that the same person committed the same type of acts. Before *modus operandi* can be used as a test, the identity of the perpetrator of at least one of the similar or identical acts must be established. Because all the facts in a series of offenses point to the same perpetrator, without identification, they do not of themselves prove the offender.

When, however, the identity of one is offered as the perpetrator of an offense, an offense so similar in *modus operandi* to others that they show a common scheme, plan or design, embracing commission of two or more crimes so related to each other that proof of one tends to prove the other, then evidence of *modus operandi* is a relevant evidential predicate.

I conclude that the evidence in this case showed a common scheme, plan or design, embracing commission of two or more crimes so related to each other that proof of one tended to prove the others. *Morris*, 493 Pa. at 175, 425 A.2d 720. The evidence of each offense would have been

admissible in a separate trial of each of the others. Pa.R. Crim.P. 1127 A(1)(a); *Morris, supra.* Therefore, the trial court did not abuse its discretion in permitting joinder of the informations. Hence, the Superior Court not only missed the question at issue, but left, uncorrected, harmful precedent floating through this admittedly difficult area of the rules of evidence. One must note that in this case, as a result of the Superior Court's decision, the children will be compelled to relive these sordid events on at least three or more occasions, to say nothing of judicial economy or the interests of the appellant.

I therefore dissent.

LARSEN, J., joins in this dissenting opinion.