564 A.2d 1308

COMMONWEALTH of Pennsylvania

v.

Clifford T. NEWMAN, Appellant.

Superior Court of Pennsylvania.

Argued March 9, 1989.

Filed Oct. 12, 1989.

Jeffrey W. Stover, State College, for appellant.

Ray F. Gricar, Dist. Atty., Bellefonte, for Com., appellee.

Before McEWEN, OLSZEWSKI and POPOVICH, JJ.

McEWEN, Judge:

This direct appeal has been taken from the judgment of sentence to two consecutive terms of imprisonment of from ten years to twenty years each, imposed after a jury determined appellant was guilty of the offenses arising from two separate occurrences [1] of rape, separated by an eighteen month interval, upon patients at the hospital where appellant was employed as an x-ray technician. We are constrained to reverse and remand.

Appellant asserts that he was irretrievably prejudiced because he was compelled to undergo, in one proceeding, trial upon two distinct charges of rape. An analysis of this argument must commence with an examination of Rule 1127 of the Pennsylvania Rules of Criminal Procedure, which provides, in relevant part:

RULE 1127. JOINDER—TRIAL OF SEPARATE INDICTMENTS OR INFORMATIONS

A. Standards

(1) Offenses charged in separate indictments or informations may be tried together if:

(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is

---

[1] The jury specifically found appellant guilty, after the cases were, over objection, consolidated for trial, of rape, indecent assault, and indecent exposure in connection with an assault upon a thirty year old victim, as well as rape, indecent assault and corruption of the morals of a minor as a result of an attack upon a fourteen year old victim.

capable of separation by the jury so that there is no danger of confusion; or

(b) the offenses charged are based on the same act or transaction.

* * * * * *

Pa.R.Crim.P. 1127.

While we share the view of the prosecution that the evidence of the two offenses is so distinct as to preclude danger of confusion on the part of the jury, we are unable to agree that the evidence of each of the offenses would be admissible in a separate trial for the other offense. This particular clash between proof and prejudice has so troubled the appellate tribunals of this Commonwealth that the question has been the subject of careful study and intense expression in both decision as well as in dissent.[2]

It is a principle of long standing in this Commonwealth that evidence of a distinct crime, except under special circumstances, is inadmissible against a defendant who is being tried for another crime because the commission of one crime is not proof of the commission of another, and the effect of such evidence is to create prejudice against the defendant in the jury's mind.

* * * * * *

2. See e.g.: Commonwealth v. Donahue, 519 Pa. 532, 549 A.2d 121 (1988); Commonwealth v. Lark, 518 Pa. 290, 301–302, 543 A.2d 491, 496–497 (1988); Commonwealth v. Thomas, 518 Pa. 121, 541 A.2d 739 (1988) (Dissenting Opinion by McDermott, J.); Commonwealth v. Randall, 515 Pa. 410, 528 A.2d 1326 (1987); Commonwealth v. Banks, 513 Pa. 318, 351, 521 A.2d 1, 17–18 (1987), cert. denied, 484 U.S. 873, 108 S.Ct. 211, 98 L.Ed.2d 162 (1987); Commonwealth v. Morris, 493 Pa. 164, 170–172, 425 A.2d 715 (1981); Commonwealth v. Shively, 492 Pa. 411, 424 A.2d 1257 (1981); Commonwealth v. Ulatoski, 472 Pa. 53, 63 n. 11, 371 A.2d 186, 191 n. 11 (1977); Commonwealth v. Fortune, 464 Pa. 367, 346 A.2d 783 (1975); Commonwealth v. Peterson, 453 Pa. 187, 307 A.2d 264 (1973); Commonwealth v. Wable, 382 Pa. 80, 114 A.2d 334 (1955); Commonwealth v. Burdell, 380 Pa. 43, 110 A.2d 193 (1955); Commonwealth v. Booth, 291 Pa.Super. 278, 435 A.2d 1220 (1981); Commonwealth v. Wright, 259 Pa.Super. 293, 393 A.2d 833 (1978); Commonwealth v. Bradley, 243 Pa.Super. 208, 364 A.2d 944 (1976); Commonwealth v. Boulden, 179 Pa.Super. 328, 116 A.2d 867 (1955). See also: McCormick, Evidence § 190 (1984 3d ed.).

Similar safeguards are necessary where a defendant is tried for two or more offenses in one trial, for the prejudice to the defendant maybe just as insidious and the temptation on the part of the prosecution to cumulate the crimes may be just as great.

*Commonwealth v. Morris,* 493 Pa. 164, 175–176, 425 A.2d 715, 720 (1981).

The Supreme Court in *Morris* thereby ruled that the question of the consolidation of two or more offenses for trial is to be governed by and subject to the same principles and limitations as are applicable to the admissibility of evidence of a distinct crime.

Since this issue has already been so thoroughly addressed in the appellate courts, it here better serves to simply state the clear and certain principles to be sifted from those pronouncements:

Evidence of a distinct crime is inadmissible against a defendant who is being tried for another crime.

The reluctance of the courts to discard evidence which may have probative value has caused the judicial creation of a number of exceptions to this principle.

Evidence which falls within an exception does not, however, thereby become *per se* admissible. Rather, it is only deemed of sufficient probative value as to merit a balancing by the trial court to determine whether its probative value exceeds its prejudicial impact.

The Commonwealth correctly recounts the five most frequently cited exceptions to the general principle which excludes evidence of a distinct crime, when it states that evidence of a distinct crime may be admissible to establish (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the

crime on trial.[3] The prosecution strenuously argues that the "common scheme, plan or design" exception is applicable because "both rapes were part of a common scheme, plan or design of appellant and are so related to each other that proof of one tends to prove the other."

The "common design" exception contemplates that both crimes share such similar characteristics of commission that evidence of the peculiar facts of one crime tends to establish that the accused committed the other, unrelated crime. The shared similarities which produce the conclusion of "common design" may only be found, however, in the acts which compose the crime and which are performed by the perpetrator. The two cases we here examine share considerable commonality, namely, the situs of the attack, the required presence of the accused at the situs, and the necessary presence of both victims at the situs. These similarities, however, while representing identical factors of both criminal episodes, are not elements of the acts which compose the commission of the crime by the perpetrator.

3. McCormick, in his discussion of the federal rule restricting admissibility of other crimes, itemizes ten exceptions to the principle which excludes evidence of a distinct crime:
(1) To complete the story of the crime on trial by placing it in the context of nearby and nearly contemporaneous happenings.
(2) To prove the existence of a larger plan, scheme, or conspiracy, of which the crime on trial is a part.
(3) To prove other crimes by the accused so nearly identical in method as to earmark them as the handiwork of the accused.
(4) To show a passion or propensity for unusual and abnormal sexual relations.
(5) To show, by similar acts or incidents, that the act in question was not performed inadvertently, accidentally, involuntarily, or without guilty knowledge.
(6) To establish motive.
(7) To establish opportunity, in the sense of access to or presence at the scene of the crime or in the sense of possessing distinctive or unusual skills or abilities employed in the commission of the crime charged.
(8) To show, without considering motive, that defendant acted with malice, deliberation, or the requisite specific intent.
(9) To prove identity.
(10) To impeach an accused who takes the witness stand by introducing past convictions.
See: McCormick, *Evidence,* § 190, pp. 558–564 (3d ed., 1984).

*See and compare: Commonwealth v. Bradley,* 243 Pa.Super. 208, 364 A.2d 944 (1976).

The Commonwealth argues that the consolidation of the cases for trial was proper by reason of the decisions of this Court in *Commonwealth v. King,* 290 Pa.Super. 563, 434 A.2d 1294 (1981), and *Commonwealth v. Booth,* 291 Pa.Super. 278, 435 A.2d 1220 (1981). The facts of the instant appeal differ quite considerably, however, from the factual situations presented in those appeals.

This Court found that the two cases of rape consolidated for trial in *Commonwealth v. King, supra,* were properly tried together since the accused had employed the same ruse to lure the victims into the introduction and association, however, brief, which preceded each of the rapes. The procedure employed in each case was so similar that the characteristic of commonality dominated both episodes and, therefore, the common scheme exception was properly applied.

The factual distinction between the instant case and *Booth*[4] is not as readily discernible but is, nonetheless, certain. *Booth* found the Sheriff of Susquehanna County accused of sexual and official misconduct arising out of asserted illicit sexual behavior with several inmates confined to the jail where the sheriff, who also served as warden of the county prison, maintained his residence. The offenses there, as the offenses here, shared a commonality of situs, the required presence of the accused at the situs, and the necessary presence of the complainants at the situs. However, the sexual encounters between the accused and the complainants in *Booth* were preceded by a pattern of seduction during which the accused sheriff plied the prisoners with special treatment and favors. In fact, as the esteemed Judge John P. Hester there relates: "The pattern repeated in each of the encounters carried a mark of distinction

---

**4.** While offenses arising from several episodes were consolidated for trial in Booth, the analysis and expression of this Court was confined to the claim that the court erred in admitting evidence of crimes not charged in the indictment.

absent from other sex-related crimes." *Commonwealth v. Booth, supra,* 291 Pa.Super. at 289, 435 A.2d at 1226. There is in the present case, however, no such pattern, or similar fundamental characteristic of the commission of the crimes by the perpetrator.

The essential elements of the act of rape, as well as other sexual crimes, will necessarily produce any number of similar characteristics when two acts of rape are scrutinized for shared features, particularly where, as we have here seen, there is commonality of roles and situs attendant the criminal episodes.

■ The plain fact is that once our scrutiny and comparison of the instant offenses for shared similarities goes beyond the situs and the status of the participants, and we proceed to a scrutiny of the acts of the perpetrator during commission of the crimes, the characteristic of commonality all but vanishes. We are, therefore, compelled to the conclusion that the similarities necessary to effect application of the "common design" exception are simply not present.[5]

■ Since a scrutiny of the details of the two crimes does not reveal sufficient shared similarities as to permit application of the "common design" exception, neither rape would be admissible at a trial of the other. Thus, the condition precedent, established by Rule 1127, to the consolidation of

5. The lack of shared similarities makes it unnecessary to proceed to the further step of balancing the probative value and prejudicial impact of the other crimes evidence. *See Commonwealth v. Lark, supra,* 518 Pa. at 302, 543 A.2d at 497; *Commonwealth v. Ulatoski, supra,* 472 Pa. at 63 n. 11, 371 A.2d at 191 n. 11; McCormick, *Evidence,* § 190. Nor, by reason of the conclusion that the "common design" exception is not applicable, need we determine whether consolidation was improper by reason of the eighteen month lapse between the crimes. *See: Commonwealth v. Shively, supra,* 492 Pa. at 415, 424 A.2d at 1259; *Commonwealth v. Bradley, supra,* 243 Pa.Super. at 214–216, 364 A.2d at 947–948; *Commonwealth v. Boulden, supra,* 179 Pa.Super. at 340–348, 116 A.2d at 873–876. And, we finally and parenthetically note, the lack of shared similarities would preclude application of the "identification modus operandi" exception, had identification of the perpetrator been the issue for the jury to decide. *See: Commonwealth v. Thomas, supra,* 518 Pa. at 125–126, 541 A.2d at 741–742 (Dissenting Opinion of McDermott, J.); *Commonwealth v. Shively, supra.*

the separate informations for trial was not met, and appellant was entitled to a separate trial upon each of the two separate offenses. We are, therefore, compelled [6] to vacate the judgments of sentence and remand the cases to the Common Pleas Court so as to afford appellant a separate trial upon each charge of rape.

Judgment of sentence reversed. Case remanded. Jurisdiction relinquished.

6. Appellant also argues that he is entitled to a new trial by reason of the decision of the Pennsylvania Supreme Court, in *Commonwealth v. Gallagher,* 519 Pa. 291, 297, 547 A.2d 355 (1988), that expert testimony concerning Rape Trauma Syndrome (RTS) is inadmissible since it improperly impinges upon the role of the jury. Appellant asserts that the RTS testimony introduced at his trial was just such testimony as was proscribed by our Supreme Court in *Gallagher.* It must be emphasized that the instant trial was held prior to the decision of the Supreme Court, which reversed the holding of this Court in *Gallagher* that RTS testimony presented by the prosecution was admissible. The Commonwealth, in reliance upon the opinion of the Superior Court, proceeded to presentation of RTS testimony and counsel for appellant failed to express an objection on that precise basis to the testimony. However valid the assertion of appellant that the RTS testimony was such as was subsequently proscribed by our Supreme Court in *Gallagher,* it is unnecessary for this Court to decide that question, or, indeed, the threshold issue of waiver, since the decision of the Supreme Court in *Gallagher* will control the presentation of RTS testimony in the further proceedings made necessary by our decision on the issue of evidence of separate crimes.