574 A.2d 679

**COMMONWEALTH of Pennsylvania**

**v.**

**James Dean VOSBURG, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 14, 1990.

Filed May 8, 1990.

418

Frank Ledahawsky, Honesdale, for appellant.

William J. Parker, Asst. Dist. Atty., Honesdale, for Com., appellee.

Before CAVANAUGH, OLSZEWSKI and FORD ELLIOTT, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence for convictions of indecent assault, 18 Pa.C.S.A. § 3126, and burglary, 18 Pa.C.S.A. § 3502. Appellant presents eight issues for our consideration, which we consider *seriatim*. As we find none of appellant's eight issues to be of merit, we affirm the judgment of sentence.

At trial of the case the evidence was that the perpetrator entered a house in the early morning hours at about 3:00 A.M., proceeded to the second floor bedroom where an eight year old girl was sleeping, walked around her bed, pulled on her under-wear, put his hand over her mouth

momentarily when she yelled for her mother, then left the house. At approximately 3:50 A.M. a vehicle was stopped one block from the house in question by police investigating the incident. The vehicle was stopped because it had driven by the scene several times. The driver of the vehicle was [appellant], but he was questioned and released at that time. The following morning a flashlight was found in the young girl's bed which turned out to be similar to one owned by [appellant's] foster parent which was missing.

At sentencing held on July 13, 1989, [appellant] contended that due to his mental retardation and psychological disorders he should be committed to a mental retardation facility in lieu of incarceration. In support of such a commitment [appellant] offered twenty-one exhibits containing medical, psychological, psychiatric, and educational reports and evaluations regarding [appellant].... The Commonwealth contended that [appellant's] mental retardation and psychological disorders were not such that they made commitment to a mental retardation facility appropriate, but rather incarceration was the appropriate sentence in this case.

Appellant's brief, at 4–5.

■ Appellant first argues that the trial court erred in denying his motion in limine to prohibit introduction of evidence of a prior crime.

It is black letter law that evidence of one crime is inadmissible against a defendant being tried for another crime because the fact of the commission of one offense is not proof of the commission of another. However, there sometimes exist special circumstances which operate as exceptions to the general rule and bring the case within the equally well established principle that evidence of other crimes is admissible when it tends to prove ... (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the

crime on trial—in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. When the evidence is relevant and important to one of these five issues, it is generally conceded that the prejudicial effect may be outweighed by the probative value.

*Commonwealth v. Peterson*, 453 Pa. 187, 197–98, 307 A.2d 264, 269–70 (1973) (citations omitted); *Commonwealth v. Rose*, 483 Pa. 382, 396 A.2d 1221 (1979).

The evidence in question related to a burglary which took place within three to four blocks of the crime for which appellant was on trial. The prior burglary took place on January 14, 1988, ten months before the burglary and indecent assault of which appellant was accused; both crimes took place within two-and-one-half to three blocks of appellant's home. Appellant was convicted of burglary in the earlier incident, for cutting, with scissors, the night-gown of a seven-year-old girl while she slept in her bed-room. In the instant case appellant was accused of walking into the bedroom of an eight-year-old girl and pulling at her underpants while she lay in bed. Both incidents took place in the early morning hours: approximately 1:00 a.m. in the earlier incident; approximately 3:00 a.m. in the instant case. In both cases, the assailant used a flashlight and fled upon discovery. Appellant had been on parole from his sentence for the prior offense for only 47 days before the instant break-in took place.

The trial court states that "when evidence is relevant and important to show a common scheme, plan or design it is generally said that: 'The prejudicial effect of the testimony is outweighed by its probative value.[']" Trial court opinion, at 5–6. A more correct statement of law is that, when evidence is relevant and important to show a common scheme, plan or design, the prejudicial effect *may be* outweighed by its probative value. *Rose, supra; Commonwealth v. Newman*, 388 Pa.Super. 146, 564 A.2d 1308

(1989). It is clear that the trial court carefully considered the relevance of this evidence:

There is no question that the facts on both crimes are nearly identical. The entry into the dwelling of another late at night. The [appellant] carried a flashlight to the second floor of each house and attacked a young girl and then fled upon the young girl's awakening and screaming. In each instance the [appellant] left some article behind, that would help identify him. Certainly the commonality of the two crimes tends to show the identity of the perpetrator as one and the same person.

Trial court opinion, at 6. We also note that the trial court gave an appropriate limiting instruction to the jury. N.T. 100–101. Further, evidence of prior crimes is admissible "if there is 'such a high correlation in the details of the crimes that proof that the defendant committed one makes it very unlikely that anyone else but the defendant committed the others.' *Commonwealth v. Morris,* 493 Pa. [164] at 176, 425 A.2d [715] at 721 [ (1981) ]." *Commonwealth v. Laurenson,* 323 Pa.Super. 46, 53, 470 A.2d 122, 125 (1983). As the evidence was relevant, and its probative value outweighed its prejudicial impact, we conclude that the trial court did not abuse its discretion in denying appellant's motion in limine. *See Commonwealth v. Ulatoski,* 472 Pa. 53, 63 n. 11, 371 A.2d 186, 191 n. 11 (1977).

 Appellant's second and third issues attack the sufficiency of the evidence presented at trial. Appellant's second issue is whether the trial court erred in admitting appellant's statements into evidence before the Commonwealth established the *corpus delicti* of either indecent assault or burglary. The *corpus delicti* rule states that the jury may not consider a defendant's own statements as evidence of his guilt until the Commonwealth has presented enough evidence to convince the jury beyond a reasonable doubt that the crimes charged were committed by someone. *Commonwealth v. Fried,* 382 Pa.Super. 156, 555 A.2d 119 (1989); *Commonwealth v. Drexel,* 349 Pa.Super. 335, 503 A.2d 27 (1986). Proof by circumstantial evidence will satis-

fy the *corpus delicti* rule. *Commonwealth v. Edwards*, 521 Pa. 134, 555 A.2d 818 (1989).

Indecent assault is defined as any touching of the sexual or intimate parts of the person for the purpose of arousing or gratifying sexual desire in either person, where the victim does not consent or is unaware. 18 Pa.C.S.A. § 3126; 18 Pa.C.S.A. § 3101. Before appellant's statements were introduced, the eight-year-old victim testified that she had felt someone pulling on her underwear while she lay in bed. This was sufficient evidence for the jury to conclude, beyond a reasonable doubt, that an indecent assault occurred,[1] and satisfied the *corpus delicti* rule.

In order to establish the *corpus delicti* for burglary, the Commonwealth was required to prove that a building or occupied structure was entered by someone not licensed or privileged to enter, that the premises were not open to the public, and that the person who entered did so with the intent to commit a crime. 18 Pa.C.S.A. § 3502; *Commonwealth v. Hardcastle*, 519 Pa. 236, 546 A.2d 1101 (1988). Before the Commonwealth introduced appellant's statements, the jury heard ample testimony from three people, establishing that their private home had been entered at 3 a.m., by someone not licensed or privileged to enter. The evidence presented concerning the indecent assault was sufficient for the jury to infer that the home was entered with the intent to commit a crime. We agree with the trial court's conclusion that the *corpus delicti* of both crimes had been established before appellant's own statements were allowed into evidence.

Appellant's third issue is whether the trial court erred in not sustaining his demurrer to the Commonwealth's evidence. In deciding whether to sustain a demurrer, the court is to decide, as a question of law, whether the evidence presented by the Commonwealth, if accepted as

1. We reject appellant's assertion that the victim's testimony that an intruder "was pulling on my underwear" is insufficient to sustain an inference that the intruder did so for the purpose of arousing or gratifying sexual desire.

true, is sufficient to warrant a conclusion that the defendant is guilty beyond a reasonable doubt. Pa.R.Crim.P. 1124(a)(1); *Commonwealth v. Buehl*, 510 Pa. 363, 508 A.2d 1167 (1986), *cert. denied*, 488 U.S. 871, 109 S.Ct. 187, 102 L.Ed.2d 156 (1988); *Commonwealth v. Bastone*, 321 Pa.Super. 232, 467 A.2d 1339 (1983). In addition to the testimony establishing the *corpus delicti*, the Commonwealth presented testimony indicating that: (1) a flashlight had been found in the victim's bed, and that the flashlight was similar to one belonging to appellant's foster father; (2) within an hour after the break-in, police stopped a car about one block away from the Kudrich home, and that appellant was the driver of the car; (3) appellant had been arrested and convicted of a strikingly similar offense which occurred ten months earlier, and that both offenses occurred within two-and-one-half to three blocks of appellant's home; (4) on the afternoon of November 14, 1988, appellant told Pennsylvania State Police Corporal Donald Bradbury, "I knew you were going to catch me," and admitted breaking into the Kudrich house, but denied touching the victim's underwear; and (5) appellant telephoned an acquaintance on November 14, 1988, and said, "I did the same thing again that I got arrested for." The evidence presented by the Commonwealth was more than sufficient, if believed, to prove appellant's guilt beyond a reasonable doubt.

■ Appellant's fourth issue is whether the trial court erred in denying his motion in arrest of judgment and motion for new trial. Appellant bases this argument on his first three issues, *supra*, and on the trial court's characterization that appellant's foster father identified the flashlight found in the victim's bed as "missing and belonging to him." Trial court opinion, at 1–2. The transcript shows that appellant's foster father, Rev. Edward Forkan, actually testified: "Well, it's similar to the one I have. Whether it's mine specifically or not, I don't know." N.T. 62. Pennsylvania State Police Corporal Donald Bradbury testified that upon being shown the flashlight, Rev. Forkan said: "it must be mine or I got one just like it." N.T. 69. While the

trial court's statement may not be a rote repetition of the testimony, we find no error, as the court merely describes a legitimate conclusion which the jury may properly have reached. As we have found no error in appellant's first three issues, we need not discuss them further.

■ Before considering appellant's fifth, sixth and seventh issues, all of which pertain to the discretionary aspects of sentencing, we consider appellant's final issue: "Whether the sentence imposed by the Trial Court constituted cruel and unusual punishment in contravention of Article 1, section 13, of the Pennsylvania Constitution and the eighth amendment of the U.S. Constitution." Appellant argues that a sentence of three to ten years' incarceration, given appellant's mental retardation, is cruel and unusual punishment. A punishment is cruel and unusual under the eighth amendment "only if it is so greatly disproportionate to an offense as to offend evolving standards of decency or a balanced sense of justice." *Commonwealth v. Ehrsam,* 355 Pa.Super. 40, 62, 512 A.2d 1199, 1210 (1986), *allocatur denied,* 515 Pa. 573, 527 A.2d 535 (1987), *cert. denied,* —— U.S. ——, 110 S.Ct. 321, 107 L.Ed.2d 311 (1989).

While not precisely on point, we note a recent case in which the Supreme Court of the United States held that the eighth amendment to the United States Constitution does not prohibit imposing even the death penalty against a mentally retarded defendant, so long as the defendant's retardation is considered. *Penry v. Lynaugh,* —— U.S. ——, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). The record clearly reveals that the trial court did consider appellant's retardation, as well as the pre-sentence report and additional information supplied by appellant's counsel in arriving at the sentence imposed. Appellant's aggregate sentence for convictions of burglary and indecent assault was a term of imprisonment for three to ten years.[2] We find no basis to hold that this sentence is constitutionally impermissible. *Cf. Commonwealth v. Landi,* 280 Pa.Super. 134, 421 A.2d

2. The trial court found that for sentencing purposes, the indecent assault conviction merged with the burglary conviction.

442 (1980) (holding that it was not cruel and unusual punishment to impose a prison sentence on a paraplegic confined to a wheelchair).

We further reject appellant's assertion that the trial court "sentence[d] him to prison without appropriate supportive services[.]" Appellant's brief, at 50. An inspection of the sentencing transcript reveals that the court directed that appellant be "transported directly to the Camp Hill facility and to be enrolled in the Bureau of Corrections Mental Health Unit located there at the earliest opportunity." N.T. (sentencing) 29.

■ Appellant finally raises three issues concerning the discretionary aspects of his sentencing:

Whether the Trial Court disregarded the evidence regarding [appellant's] mental and learning disabilities.

Whether the Trial Court properly denied [appellant's] motion for commitment in lieu of sentence.

Whether the Trial Court disregarded the evidence concerning [appellant's] ability to conform his conduct to the requirements of law.

Appellant has complied with the procedural requirements to challenge these discretionary aspects of his sentence. He has: (1) filed a timely notice of appeal; (2) set forth his challenge in the statement of questions presented; and (3) included a statement of reasons relied upon for allowance of appeal, pursuant to Pa.R.A.P. 2119(f). *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); *Commonwealth v. Darden*, 366 Pa.Super. 597, 531 A.2d 1144 (1987).

We may not grant allowance of appeal pursuant to 42 Pa.C.S.A. § 9781(b) unless appellant has raised the appearance of a substantial question whether the sentence imposed in appropriate under the Sentencing Code as a whole. *Commonwealth v. Hall*, 382 Pa.Super. 6, 554 A.2d 919 (1989). For our review we assume, *arguendo*, that appellant's averments that the trial court did not consider appellant's circumstances and that the trial court disregarded the overwhelming weight of the evidence concerning appellant's

426

disabilities and his ability to conform his conduct to the requirements of the law do raise a substantial question. In deciding whether to grant allowance of appeal, we look to the record.

At the sentencing hearing, the trial court stated:

I feel sorry for you and your past terrible upbringing, but on the other hand you have had ample opportunity to reform.

You have committed two (2) crimes, which we don't know what lasting effect, hopefully none, will effect two (2) young girls. People are to be protected in their own homes and not have to live in fear that someone like you will crawl into their child's bedroom some night.

N.T. (sentencing) 28. In its memorandum denying appellant's motion to modify sentence, the trial court states:

This Court carefully considered all of the evidence presented to it at the time of sentencing concerning the defendant's learning disabilities and psychological problems. This Court further considered the possibility of sentencing alternatives and concluded that in this particular case none of these alternatives were available or appropriate.

Memorandum and order, filed August 3, 1989, at 1. Based on our review of the record, we deny appellant's petition for allowance to appeal the discretionary aspects of his sentence.

Having found no merit in any of the arguments raised in this appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.