593 A.2d 899
COMMONWEALTH of Pennsylvania
v.
Peachie GREEN, Appellant.
Superior Court of Pennsylvania.
Submitted May 28, 1991.
Filed July 1, 1991.

John M. Hickey, Media, for appellant.

Joseph J. Mittleman, Asst. Dist. Atty., Media, for Com., appellee.

Before WIEAND, OLSZEWSKI and MONTGOMERY, JJ.

WIEAND, Judge:

Peachie Green was tried nonjury and was found guilty of possession of a controlled substance (heroin), possession of a controlled substance with intent to deliver and possession of drug paraphernalia. Post-trial motions were denied, and Green was sentenced to serve a term of imprisonment for not less than two (2) years nor more than four (4) years pursuant to the mandatory minimum sentencing provisions of 18 Pa.C.S. § 7508. On direct appeal from the judgment of sentence, Green, who was sixty-six (66) years of age at the time of her sentencing, raises the following issue for our review:

> Does sentencing an elderly defendant who suffers from Rheumatoid Arthritis, Hypertension, Chronic Obstructive Pulmonary Disease, and has a history of a Myocardial Inf[ar]ction amount to "cruel and unusual punishment" under [the Eighth Amendment to the United States Constitution] as it is in effect a life sentence for a defendant in said physical condition?

We find no merit in appellant's argument and, therefore, affirm the judgment of sentence.[1]

---

1. The Commonwealth asserts that this issue has been waived because of appellant's failure to file a motion to modify her sentence. A claim that a sentence violates the Eighth Amendment right to be free from cruel and unusual punishment, however, constitutes a challenge to the legality of the sentence imposed. See: *Commonwealth v. O'Neil,* 393 Pa.Super. 111, 115, 573 A.2d 1112, 1114 (1990); *Commonwealth v. Carr,* 375 Pa.Super. 168, 173, 543 A.2d 1232, 1234 (1988); *Commonwealth v. Howard,* 373 Pa.Super. 246, 248, 540 A.2d 960, 961 (1988). "The illegality of a sentence is not a waivable issue." *Commonwealth v. Neidig,* 340 Pa.Super. 217, 224, 489 A.2d 921, 924 (1985). See also: *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976), *overruled on other grounds in Commonwealth v. Frisbie,* 506 Pa. 461, 485 A.2d 1098 (1984); *Commonwealth v. Campbell,* 351 Pa.Super. 56, 505 A.2d

■ Appellant was sentenced pursuant to the mandatory minimum sentencing provisions established by the legislature at 18 Pa.C.S. § 7508. The sentencing court, therefore, lacked authority to impose a sentence less severe than that mandated by the legislature. See: *Commonwealth v. Brown*, 389 Pa.Super. 66, 566 A.2d 619 (1989). "The language of § 7508 evinces an unequivocal intent by the legislature that persons committing drug offenses be punished according to the minimum sentences set forth therein." *Commonwealth v. Logan*, 404 Pa.Super. 100, 104, 590 A.2d 300, 301 (1991). Appellant argues, nevertheless, that the mandatory minimum sentencing provisions of section 7508 must make allowance for a defendant who, because of advanced age and poor physical health, would suffer greatly by incarceration.

■ The incarceration of physically infirm individuals does not per se constitute cruel and unusual punishment. See: *Commonwealth v. O'Neil*, 393 Pa.Super. 111, 115–116, 573 A.2d 1112, 1114–1115 (1990). Thus, it has been held that the imprisonment of a person who tested positive for antibodies to the Human Immunodeficiency Virus (HIV) did not constitute cruel and unusual punishment. *Id.* In so holding, the Superior Court said:

> While we do not doubt appellant's assertion that his HIV infection will ultimately prove fatal, we find no indication in the record that appellant has yet exhibited any symptoms of AIDS. That appellant may not live to see the end of his term of imprisonment does not, without more, make his sentence of four-to-ten years' imprisonment unconstitutional. We recognize the gravity of appellant's situation, but cannot and will not make the sweeping pronouncement he seeks. We hold that sentencing an HIV-infected convict to a term of imprisonment is not per se cruel and unusual punishment.

*Id.*, 393 Pa.Superior Ct. at 116, 573 A.2d at 1115 (footnotes omitted). See also: *Commonwealth v. Vosburg*, 393 Pa.Super. 416, 424–425, 574 A.2d 679, 683 (1990) (sentence of 3 to

262 (1986). Accordingly, we will address the merits of appellant's Eighth Amendment argument.

10 years incarceration for mentally retarded defendant was not cruel and unusual punishment); *Commonwealth v. Carr*, 375 Pa.Super. 168, 173–175, 543 A.2d 1232, 1234–1235 (1988) (sentence of 2 to 4 years imprisonment imposed upon elderly defendant was not cruel and unusual punishment merely because sentencing court rejected defendant's proposed probationary scheme which he claimed would better accommodate his special mental health needs); *Commonwealth v. Landi*, 280 Pa.Super. 134, 421 A.2d 442 (1980) (not cruel and unusual punishment to impose a prison sentence on a paraplegic).

"[W]hile it is the judiciary's function to impose sentence upon conviction, it is for the legislature to fix the penalties for crimes." *Commonwealth v. Ehrsam*, 355 Pa.Super. 40, 62, 512 A.2d 1199, 1210 (1986), *cert. denied*, 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 311 (1989). "A punishment authorized by [statute] violates the proscription against cruel and unusual punishment only if it is so disproportionate to an offense as to offend evolving standards of decency or a balanced sense of justice." *Commonwealth v. Carr*, *supra* at 175, 543 A.2d at 1235. See: *Trop v. Dulles*, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). See also: *Commonwealth v. Vosburg*, *supra* at 424, 574 A.2d at 683.

'[T]he ... prohibition against ... "cruel and unusual punishment"[ ] is not a "static concept. As Mr. Chief Justice Warren said, in an oft-quoted phrase, '[t]he [Eighth] Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'" *Gregg v. Georgia*, [428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859, 874 (1976) ], *quoting Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958) (plurality opinion). We believe that the most accurate indicators of those "evolving standards of decency" are the enactments of the elected representatives of the people in the legislature.

. . . .

"[I]n a democratic society legislatures, not courts, are constituted to respond to the will and consequently the

moral values of the people." *Gregg v. Georgia, supra* 428 U.S. at 175–76, 96 S.Ct. at 2926–2927, *quoting Furman v. Georgia, supra,* 408 U.S. [238] at 383, 92 S.Ct. [2726] at 2800 [33 L.Ed.2d 346].

*Commonwealth v. Hernandez,* 339 Pa.Super. 32, 40, 488 A.2d 293, 297–298 (1985), quoting *Commonwealth v. Zettlemoyer,* 500 Pa. 16, 74–75, 454 A.2d 937, 967–968 (1982), *cert. denied,* 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983). Thus, "in assessing a claim that a sentence is so disproportionate as to violate the eighth amendment, '[r]eviewing courts ... should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishment for crimes....'" *Commonwealth v. Ehrsam, supra,* quoting *Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637, 649 (1983). See also: *Commonwealth v. Strunk,* 400 Pa.Super. 25, 35–37, 582 A.2d 1326, 1331 (1990).

Applying these standards, the Superior Court has twice rejected arguments that the imposition of a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712[2] constitutes cruel and unusual punishment. In first rejecting this argument the Court reasoned as follows:

> The legislature's enactment of section 9712 evinces a recognition of the seriousness of felonies committed with firearms, as well as a determination to protect the public from those armed with firearms, to deter violent crime and the illegal use of firearms, and to vindicate the legislature's interest in punishing those who commit serious crimes while visibly armed with a firearm. *Commonwealth v. Wright, supra* 508 Pa. [25] at 40, 494 A.2d [354] at 362 [1985]. We find that section 9712's five year mandatory minimum sentence is not disproportionate to the seriousness of the crime appellant committed, and does not shock either a balanced sense of justice or offend evolving notions of decency. Appellant's claim

**2.** 42 Pa.C.S. § 9712 establishes a mandatory minimum five (5) year sentence for certain enumerated crimes committed when the defendant was in visible possession of a firearm.

that section 9712 violates the prohibition against cruel and unusual punishment is accordingly without merit.

*Commonwealth v. Ehrsam, supra,* 355 Pa.Superior Ct. at 62, 512 A.2d at 1210. When faced with the same argument three years later, the Court reasoned further as follows:

The Pennsylvania legislature has determined that the protection of the public requires that a mandatory minimum sentence be imposed upon all persons convicted of specific crimes who visibly possessed a firearm during the commission of such offenses. 42 Pa.C.S.A. § 9712(a). In order to enhance general (rather than specific) deterrent effects, the individual circumstances of particular cases are not to be considered in deciding whether the mandatory minimum sentence applies; rather, when the mandatory minimum sentence applies, the individual circumstances of the particular case are only to be considered in determining whether sanctions in excess of the mandatory minimum sentence should be imposed. 42 Pa.C.S.A. § 9712(c). We find nothing excessive or arbitrary in the legislature's decision that the need to deter the illegal possession of firearms during the commission of specified crimes warrants imposition of a five year mandatory minimum sentence; consequently, appellant's claim fails.

*Commonwealth v. Howard,* 373 Pa.Super. 246, 250, 540 A.2d 960, 962 (1988).[3]

**3.** Other mandatory sentencing provisions have been consistently upheld against challenges contending that they violated the Eighth Amendment's prohibition against cruel and unusual punishment. See, e.g.: *Commonwealth v. Ross,* 391 Pa.Super. 32, 570 A.2d 86 (1990) (mandatory minimum sentence for certain crimes committed in or near public transportation, 42 Pa.C.S. § 9713); *Commonwealth v. Wildermuth,* 347 Pa.Super. 640, 501 A.2d 258 (1985) (mandatory minimum sentence for enumerated crimes committed against children under 16 years of age, 42 Pa.C.S. § 9718); *Commonwealth v. Cieri,* 346 Pa.Super. 77, 499 A.2d 317 (1985) (mandatory minimum sentence for homicide by vehicle while driving under the influence of alcohol, 75 Pa.C.S. § 3735); *Commonwealth v. Hernandez, supra* (mandatory minimum sentences for drunk driving, 75 Pa.C.S. § 3731(e)); *Commonwealth v. Waters,* 334 Pa.Super. 513, 483 A.2d 855 (1984), *cert. denied,* 471 U.S. 1137, 105 S.Ct. 2679, 86 L.Ed.2d 697 (1985) (mandatory life sentence for first degree murder).

The same rationale is equally applicable to mandatory minimum sentences established by 18 Pa.C.S. § 7508. The legislature, by enacting section 7508, has announced that drug offenses are serious crimes from which the public needs to be protected. In order to deter such offenses, the legislature has established mandatory minimum sentences which vary according to the type and amount of the drug involved. The mandatory minimum sentence established by section 7508 and applicable to appellant's offense is not disproportionate to the seriousness of appellant's crimes. In *Commonwealth v. Wildermuth*, 347 Pa.Super. 640, 501 A.2d 258 (1985), *appeal dismissed*, 514 Pa. 374, 524 A.2d 490 (1987) and 484 U.S. 805, 108 S.Ct. 50, 98 L.Ed.2d 15 (1987), the Court observed:

'Defendant's assertion that Pennsylvania has "no prison facility specially [designed] to meet the needs of the aged and infirm," does not prove that incarceration per se would be cruel and unusual punishment. Certainly, if the defendant required medical treatment it would be available to him, but to conclude that any prison term violates the 8th Amendment is without foundation. We also do not believe that the legislature had any obligation to consider a defendant such as Mr. Wildermuth i[n] establishing a mandatory minimum sentence.'

*Id.*, 347 Pa.Superior Ct. at 646, 501 A.2d at 261, quoting with approval from the opinion of the trial court.

We hold, therefore, that in the instant case, appellant's sentence did not violate the Eighth Amendment to the United States Constitution. Therefore, the judgment of sentence must be, as it is,

Affirmed.