J-S29041-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DENSON MATTHEW QUINN, | : | |
| | : | |
| Appellant | : | No. 1944 WDA 2014 |

Appeal from the Judgment of Sentence Entered November 12, 2014,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0000487-2014

BEFORE:    PANELLA, MUNDY, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 30, 2015**

Denson Matthew Quinn (Appellant) appeals from the judgment of sentence entered following his conviction for one count of indecent assault. After review, we affirm.

On February 17, 2014, Appellant was arrested and charged with sexually assaulting a female friend earlier that month. On August 5, 2014, following a bench trial, Appellant was found guilty of indecent assault. On November 12, 2014, Appellant was sentenced to a term of 30 to 60 months' incarceration. Additionally, Appellant was classified as a Tier II offender pursuant to the Sex Offender Registration and Notification Act (SORNA).[1] As a result, Appellant was ordered to comply with the registration and reporting

---

[1] 42 Pa.C.S. §§ 9799.10-9799.41.

*Retired Senior Judge assigned to the Superior Court.

requirements of SORNA. This timely appeal followed. Both the trial court and Appellant complied with the requirements of Pa.R.A.P. 1925.

Appellant raises three issues on appeal.

1. Whether the evidence was legally and factually insufficient to prove that [Appellant] was guilty of indecent assault?

2. Is it unconstitutional to require an Appellant to register for a lifetime when said registration requirement exceeds the statutory maximum penalty for Appellant's offense?

3. Is [SORNA] unconstitutional in requiring [] an Appellant to register for twenty[-]five (25) years?

Appellant's Brief at 7.

Our standard of review for a challenge to the sufficiency of the evidence is well-settled.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Snyder*, 870 A.2d 336, 350 (Pa. Super. 2005) (citation omitted).

The statute provides, in relevant part,

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and
>
> > (1) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring[.]

18 Pa.C.S. § 3126(a)(4). Indecent contact is defined as "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

Appellant contends that his conviction cannot stand because "the testimony concerning the crime[] charged was inconsistent and was contradicted by the physical and testimonial evidence." Appellant's Brief at 13. Specifically, Appellant contends that the Commonwealth failed to present evidence that he touched the sexual or intimate parts of the victim. *Id.* at 16. We disagree.

This Court previously rejected the notion that "the character of an indecent assault depends entirely on its degree of success achieved by the attacker." *Commonwealth v. Capo*, 727 A.2d 1126, 1128 (Pa. Super. 1999) (stating "[the appellant's] inability to achieve more intimate contact

than was in fact accomplished does not make that assault equivocal or lessen its indecency").

At trial, the victim testified that she and Appellant - her temporary roommate at the time of the incident - were watching TV in her bedroom. N.T., 8/4/2014, at 19.  She was lying on her bed; he was sitting at the foot of the bed. *Id.* at 18-19.  The victim was wearing a green t-shirt, sweatpants, a bra, and underwear. *Id.* at 20.  The victim testified that she and Appellant were not in a relationship of any sort, and at no point during the evening did she attempt to initiate a sexual encounter with Appellant. *Id.* at 19-20. The victim testified that she fell asleep and was awakened by Appellant's tugging on her shirt. *Id.* at 20.  She jumped up and realized that her underwear and sweatpants had been removed and that she was naked from the waist down. *Id.*  Appellant was fully clothed, lying beside her in bed. *Id.*  at 21.  At that point, the victim demanded Appellant leave the room and he complied.  The victim reported the incident to police a few days later.  *Id.*  She testified that she found her underwear "shoved between the bed and the wall" and her sweatpants on the bedroom floor. *Id.* at 21.

The evidence presented was sufficient to sustain Appellant's conviction for indecent assault. It is well-established that "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." ***Commonwealth v. Bishop****, 742 A.2d 178, 189 (Pa.

Super. 1999). Instantly, the victim's testimony establishes that Appellant had indecent contact with her while she was asleep. *See Commonwealth v. Vosburg*, 574 A.2d 679, 684 n.2 (Pa. Super. 1990) (holding that the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that Vosburg committed indecent assault on an eight-year-old victim by pulling on her underwear while she lay in bed, and specifically rejecting Vosburg's contention that pulling on the victim's underwear was insufficient to establish that the act was for the purpose of arousing sexual desire). As such, we find that Appellant's claim is without merit.

Appellant's final two issues concern the constitutionality of SORNA. Appellant's Brief at 19-21. On multiple occasions, our Courts have considered, and rejected, the issues raised by Appellant. These prior decisions reason that the imposition of the registration and notification requirements does not constitute punishment. *See, e.g., Commonwealth v. Williams*, 832 A.2d 962, 986 (Pa. 2003) (upholding as non-punitive the registration, notification, and counseling provisions of Megan's Law II); *Commonwealth v. Rhoads*, 836 A.2d 159 (Pa. Super. 2003) (same). More recently, this Court upheld the constitutionality of SORNA's registration requirements in *Commonwealth v. Perez*, 97 A.3d 747 (Pa. Super. 2014). Moreover, specific to Appellant's second argument, in *Commonwealth v. McDonough*, 96 A.3d 1067 (Pa. Super. 2014) this Court rejected the

argument that mandating compliance with SORNA by offenders who have served their maximum term is unconstitutional. Appellant has failed to convince us that another constitutional analysis of SORNA would produce a different result. Accordingly, we determine that Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2015