J-S24011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :      IN THE SUPERIOR COURT OF
:             PENNSYLVANIA
       v.                :
:
ANTONIO AMBERT,            :
:
        Appellant       :       No. 1861 MDA 2015

Appeal from the PCRA Order September 22, 2015
in the Court of Common Pleas of Lancaster County,
Criminal Division, No(s): CP-36-CR-0005614-2012

BEFORE:  GANTMAN, P.J., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED JUNE 08, 2016**

Antonio Ambert ("Ambert") appeals from the Order denying his first

Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  *See* 42

Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court set forth the following relevant underlying facts of the

incident:

> On a day in June of 2012, S.K.[, who was eleven years old,] was
> in the attic bedroom in her house in Lancaster, Pennsylvania[,]
> folding clothes for her grandmother.  At the time, Ambert was in
> the home, as was often the case, to do carpentry work on
> various parts of the house.  Ambert entered the attic bedroom to
> tell S.K. that dinner was ready, and noticed that S.K.'s button
> was broken on her capri pants.  Ambert attempted to fix the
> button, but to no avail. However, while doing so, Ambert looked
> at S.K.'s underwear.  Ambert told her that he liked her
> underwear, and that they were sexy.  S.K. testified that Ambert
> then pulled her underwear back, reached his hand into her
> underwear, and rubbed the pubic hair near her vaginal area with
> his finger and his thumb two or three times.  S.K. testified that
> she walked away from him, but that Ambert followed and rubbed
> her vaginal area another time.  Thereafter, S.K. went down a

> flight of stairs to her mother's bedroom. Ambert followed her there and took pictures of him and her on his cellular telephone.

*Commonwealth v. Ambert*, 106 A.3d 173 (Pa. Super. 2014) (unpublished memorandum at 3).

On September 13, 2012, Ambert was charged with various crimes relating to inappropriate sexual contact with S.K. At the conclusion of the jury trial, Ambert was convicted of indecent assault of a person less than thirteen years of age, corruption of the morals of a minor, and unlawful contact with a minor. On August 9, 2013, the trial court sentenced Ambert to an aggregate prison sentence of one to five years. This Court affirmed the judgment of sentence. *See id*.

In October 2014, Ambert filed the instant PCRA Petition. The PCRA court appointed Ambert counsel, who filed an Amended Petition. At the hearing on the Amended Petition, the Commonwealth conceded that the jury charge as to the corruption of minors charge was inappropriate. As a result, the PCRA court vacated the corruption of minors conviction and sentence. However, the PCRA court denied the remaining claims in the PCRA Petition. Thereafter, Ambert filed a timely Notice of Appeal.

On appeal, Ambert raises the following question for our review: "Whether the PCRA court erred as a matter of law when it denied [Ambert's] claim regarding trial counsel's failure to object to the lower court's inappropriate jury instruction given on the indecent assault charge?" Brief for Appellant at viii (some capitalization omitted).

We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Here, Ambert raises an ineffective assistance of counsel claim with regard to the jury charge given on the indecent assault charge. To succeed on such an ineffectiveness claim, he must demonstrate by the preponderance of the evidence that

(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Burno*, 94 A.3d 956, 972 (Pa. 2014) (citation omitted). Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. *Commonwealth v. Watkins*, 108 A.3d 692, 702 (Pa. 2014).

"[W]hen reviewing jury instructions for error, the charge must be read as a whole to determine whether it was fair or prejudicial." *Commonwealth v. Sepulveda*, 55 A.3d 1108, 1141 (Pa. 2012). "[A] trial court shall only instruct on an offense where the offense has been made an

issue in the case and where the trial evidence reasonably would support such a verdict...." ***Commonwealth v. Patton***, 936 A.2d 1170, 1176 (Pa. Super. 2007) (citation omitted). "Instructions regarding matters which are not before the court or which are not supported by the evidence serve no purpose other than to confuse the jury." ***Id***. (citation omitted). "The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration." ***Sepulveda***, 55 A.3d at 1141 (citation omitted).

Ambert takes issue with the trial court's jury instruction on the indecent assault of a child charge, which stated the following:

> The first charge is indecent assault of a child. To find the defendant guilty of this offense, you must find that two elements have been proven beyond a reasonable doubt. First, that the defendant had indecent contact with [S.K.] To prove that the defendant had indecent contact with the alleged victim, the Commonwealth must prove that the defendant brought about a touching of the sexual or intimate parts of the body, of one of them by the other, and that the defendant did so for the purpose of arousing or gratifying his own or the victim's sexual desire. Contact may be indecent even though the clothing of a defendant or a victim prevents their flesh from touching. The phrase, other intimate parts, does not refer solely to genitalia. Due to the nature of the offenses sought to be proscribed by the indecent assault statute and the range of conduct proscribed, the statutory language does not necessarily prohibit – does not specify each prohibited act. **The buttocks, breasts, kissing on the mouth, using a person's tongue and touching of the back of the legs from the ankle to just below the buttocks have all been legally sufficient to constitute either other intimate parts or to prove a touching of a person's other intimate parts. Also, the pulling on a child/victim's**

**underwear can be sufficient to conclude that an indecent assault occurred**.

The bottom line is that you must find beyond a reasonable doubt that indecent contact occurred, and to find that it did, you must be satisfied beyond a reasonable doubt that the defendant brought about a touching of the sexual or other intimate parts of the body, of one of them by the other, and that the defendant did so for the purpose of arousing or gratifying his own or the victim's sexual desire.

The second element of this offense is that the victim, [S.K.], was less than 13 years of age at the time the incident occurred. It is no defense if the defendant did not know the age of the child or if the child lied about her age or if the defendant honestly believed that the child was 13 years or older or the defendant reasonably believed or honestly believed that the child was 16 years or older.

The testimony of [S.K.] standing alone, if believed by you, is sufficient proof upon which to find the defendant guilty of the charge of indecent assault of a child.

N.T., 5/17/13, at 319-20 (emphasis added); **see also id**. at 311 (wherein the trial judge instructed the jury "not to conclude that any evidence which I call to your attention … is the only evidence you must consider. It is your responsibility to consider all of the evidence that you believe material in deliberating upon your verdict."); **id**. at 314-18 (instructing the jury that it was their recollection of the facts that was controlling, and that it was solely for them to determine the credibility and weight of the evidence).

Ambert contends that trial counsel was ineffective for failing to object to the trial court's jury instruction with regard to the indecent assault charge. Brief for Appellant at 28. Ambert argues that the two sentences in the charge detailing examples of what constitutes indecent assault were not

accurate, and resulted in jury confusion. *Id*. at 31-32, 38, 42; ***see also id***. at 34 (wherein Ambert claims that the conduct and body parts contained in the jury instruction were not applicable to his case). Ambert further asserts that Pennsylvania case law does not support or accurately convey the examples given by the trial court. *Id*. at 33-36, 38. Ambert claims that the evidence at trial indicated that there was only incidental contact, and S.K. amplified the touching. *Id*. at 36-38. Ambert maintains that the trial court's instruction improperly ignored the context of the relevant allegations and did not include any reference to the intent required to prove the indecent assault conviction. *Id*. at 38, 40. Ambert points out that the trial court, in response to a Commonwealth request regarding the jury instruction, had previously conceded that the two sentences in question were confusing. *Id*. at 38-39. Ambert acknowledges that while a jury charge should be viewed as a whole, the specific portions of the charge influenced the jury, as it rendered a verdict based upon a false understanding of the relevant law. *Id*. at 40, 41-42. Ambert additionally contends that there was no reasonable basis for counsel's failure to object and that he was prejudiced by counsel's inaction. *Id*. at 42-46; ***see also id***. at 44-45 (noting that counsel's failure to object impacted Ambert's ability to raise a claim regarding the jury charge on direct appeal); *id*. at 45-46 (stating that he would not have been convicted of the other charged crimes had he not been convicted of indecent assault). Ambert also argues that the

trial court's failure to advise him of the jury charge prior to closing arguments rendered his counsel's summation ineffective. *Id*. at 40-41, 43-44.

Here, Ambert was charged with indecent assault of a person less than thirteen years of age, based upon his actions of pulling S.K.'s underwear back, reaching his hand into her underwear, and rubbing the pubic hair near her vaginal area with his fingers multiple times. *See* Criminal Information, 12/12/12, at 1; *see also* PCRA Court Opinion, 9/22/15, at 3. In its instruction, because the indecent assault statute is silent as to what constitutes a prohibited act, the trial court provided various examples, including some that are not at issue in this case, as to what may establish indecent assault. N.T., 5/17/13, at 319-20.[1] Directly before and immediately following the examples, the trial court properly instructed the jury that it must find beyond a reasonable doubt that Ambert touched intimate parts of S.K.'s body for the purpose of sexual arousal where S.K. was under the age of thirteen. *Id*. at 320; *see also* 18 Pa.C.S.A.

---

[1] Ambert's reliance on *Commonwealth v. Vosburg*, 574 A.2d 679 (Pa. Super. 1990), to argue that pulling on a victim's underwear was insufficient to establish indecent assault, without other evidence demonstrating sexual gratification, is misplaced. Brief for Appellant at 34-36. Indeed, the *Vosburg* Court held that the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that Vosburg committed indecent assault on an eight-year-old victim by pulling on her underwear while she lay in bed, and specifically rejected Vosburg's contention that pulling on the victim's underwear was insufficient to establish that the act was for the purpose of arousing sexual desire. *Vosburg*, 574 A.2d at 682. Moreover, Ambert's argument that the jury charge included other inaccurate statements of Pennsylvania law is without merit.

§ 3126(a)(7) (stating that a "person is guilty of indecent assault if the person has indecent contact with the complainant, [or] causes the complainant to have indecent contact with the person … for the purpose of arousing sexual desire in the person or the complainant and … the complainant is less than 13 years of age[.]").  The trial court, while adding some superfluous language regarding examples of indecent assault, provided an accurate statement of the law.  **See Sepulveda**, 55 A.3d at 1142 (noting that "[a]n isolated misstatement does not necessarily taint the charge, so long as the charge as a whole correctly informed the jury of the law."); **Commonwealth v. Irwin**, 431 A.2d 257, 260 (Pa. 1981) (stating that we "consider the charge to the jury as a whole because prejudicial error cannot be predicated on isolated excerpts of the charge.  The general effect of the charge controls.").

In reviewing the jury charge in its entirety, we conclude that the trial court's instruction on the indecent assault charge adequately and accurately instructed the jury on the law, and Ambert's ineffectiveness claims do not have arguable merit.  **See Sepulveda**, 55 A.3d at 1143 (concluding that where the trial court's jury charge, taken as a whole, adequately conveyed the relevant law to the jury in light of the evidence presented at trial, counsel cannot be deemed ineffective for failing to object); **see also Commonwealth v. Hansley**, 24 A.3d 410, 420 (Pa. Super. 2011) (stating that "[a] faulty jury charge will require the grant of a new trial only where

- 8 -

the charge permitted a finding of guilt without requiring the Commonwealth to establish the critical elements of the crimes charged beyond a reasonable doubt." (citation omitted)).

Ambert's claim that had he known about the indecent assault jury instruction, his closing argument would have been different, is also without merit. Ambert's trial counsel testified that he would not have changed his closing argument despite the provided jury charge. *See* N.T., 3/12/15, at 22-24. Ambert's counsel testified that their defense theory was that Ambert was merely fixing S.K.'s pants, and that there was nothing sexual about his actions. *See id*. at 22, 26; *see also* Brief for Appellant at 36-38 (wherein Ambert acknowledges that counsel's defense theory was a combination of incidental contact and amplification by S.K.). Thus, because the jury charge would not have changed his defense theory or closing argument, Ambert's claim is without merit.

Based upon the foregoing, we conclude that Ambert's ineffective assistance of counsel claim is without merit.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2016

- 9 -