J-S65034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHAD FRANKLIN MCCABE, | |
| Appellant | No. 305 WDA 2016 |

Appeal from the Judgment of Sentence January 29, 2016
in the Court of Common Pleas of Westmoreland County
Criminal Division at No.: CP-65-CR-0003148-2014

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:  **FILED SEPTEMBER 23, 2016**

Appellant, Chad Franklin McCabe, appeals from the judgment of sentence imposed January 29, 2016, following his jury conviction of indecent assault and attempted indecent assault.  Although we find no merit to the issues Appellant raised, we are constrained to vacate the sentence for criminal attempt and remand for resentencing.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's April 15, 2016 opinion.

> In August of 2013, B.N., age seven (7), resided with T[.]B[.] [(Mother)], [Mother's] children, D[.]H[.], Sr. ([Mother's] boyfriend [(Boyfriend)]), D[.]H[.], Jr. ([Boyfriend's] son [(Son)]), and [Appellant] ([Son's] friend[]).  Throughout that time, [Appellant] babysat B.N. on two separate incidents, one

---

[*] Retired Senior Judge assigned to the Superior Court.

time at [Appellant's] parents' house, and then another time at a swimming pool.

B.N. testified about an incident that occurred one night before she entered the [s]econd [g]rade. She stated that one night when she was sleeping, she felt [Appellant] pull down her pants. She further stated that when [Appellant] pulled down her pants approximately halfway, he touched her butt. She testified that [Appellant] poked her butt. B.N. then slapped [Appellant's] hand away. After this conduct, B.N. covered up her head with her blanket and went back to sleep.

B.N. explained that she was sleeping on the couch in the living room because she did not have a bedroom at her mother's residence. She stated that only her sister [] was on the floor in the room when she fell asleep. B.N. testified that the first thing she did the following morning was go to her mother's room and tell her about the incident. She also stated that she told her father. [Mother] then took B.N. the same day to the police station. Approximately eight (8) or nine (9) days later, B.N. discussed the incident with Desirea Patterson-Watson, a forensic interviewer.

(Trial Court Opinion, 4/15/16, at 1-2) (record citations omitted).

Appellant was charged with one count of indecent assault, and one count of criminal attempt to commit the crime of indecent assault. (*See* Information, 8/4/14).[1] A jury trial was held from November 3-6, 2015. Prior to jury selection, the court heard argument on the Commonwealth's motion to exclude reference to a polygraph examination. Counsel for the Commonwealth explained that "[Appellant] went to the Pennsylvania State Police to have a polygraph examination done, and it was pursuant to that pre-polygraph interview with Corporal [Lori] Bernard that he made his

_____

[1] *See* 18 Pa.C.S.A. §§ 3126(a)(7), 901(a) respectively.

- 2 -

admissions." (N.T. Trial, 11/03-06/15, at 22). Appellant argued that evidence of the polygraph should not be excluded because it was the reason that he went to the police and therefore was relevant. (*See id.* at 23, 27-28). The court concluded that evidence referencing the polygraph, including whether Appellant was willing to take it or cooperative about it, was inadmissible. (*See id.* at 64).

During trial, Corporal Bernard testified that she interviewed Appellant about this incident. She explained that during the interview, Appellant admitted that he grabbed the back of B.N.'s pants with his left hand and pulled them down. (*See id.* at 173). He stated that when B.N. woke up, she turned around and hit his hand away and that stopped the events that were happening. (*See id.* at 174).

On November 6, 2015, the jury convicted Appellant on both counts. Appellant did not file a post-trial motion. On January 29, 2016, the court sentenced Appellant to two years of intensive supervision with six months of home electronic monitoring on count 1, indecent assault; followed by a consecutive sentence of one year of probation on count 2, criminal attempt. Appellant did not file a post-sentence motion. He filed a notice of appeal on February 24, 2016. Pursuant to the court's order, Appellant filed his timely concise statement of errors complained of on appeal on March 31, 2016. *See* Pa.R.A.P. 1925(b). The court entered its opinion on April 15, 2016. *See* Pa.R.A.P. 1925(a).

Appellant raises three questions on appeal.

I.  Did the [t]rial [c]ourt err in denying Appellant the right to introduce evidence showing the full context of the interview of Appellant, including reference to the original purpose of the interview, namely, to conduct a polygraph examination, in light of how the specter of the polygraph was used to entice or intimidate [Appellant] into making involuntary incriminating statements?

II.  Did the [t]rial [c]ourt err in allowing the jury to deliberate on the charge of [i]ndecent [a]ssault where [the Commonwealth's] evidence proved both that there was a touching and that there was not a touching of an intimate part of the alleged victim[']s body?

III.  Did the [t]rial [c]ourt err in allowing the jury to deliberate on the charge of [a]ttempted [i]ndecent [a]ssault where the prosecution introduced no evidence from which an inference could arise that Appellant had the conscious intent to commit the crime of [i]ndecent [a]ssault?

(Appellant's Brief, at 5).

Our standard of review for a challenge to the admissibility of evidence is well-settled.

It is well-established that the admissibility of evidence is within the discretion of the trial court, and such rulings will not form the basis for appellate relief absent an abuse of discretion. Thus, [this] Court may reverse an evidentiary ruling only upon a showing that the trial court abused that discretion. A determination that a trial court abused its discretion in making an evidentiary ruling may not be made merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. Further, discretion is abused when the law is either overridden or misapplied.

**Commonwealth v. Hoover**, 107 A.3d 723, 729 (Pa. 2014) (citations and quotation marks omitted).

Our well-settled standard of review when evaluating a challenge to the sufficiency of the evidence mandates that we

assess the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner. We must determine whether there is sufficient evidence to enable the fact finder to have found every element of the crime beyond a reasonable doubt.

In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Evans*, 901 A.2d 528, 532–33 (Pa. Super. 2006), *appeal denied*, 909 A.2d 303 (Pa. 2006) (citations and quotation marks omitted). Finally,

A motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

- 5 -

*Commonwealth v. Weathers*, 95 A.3d 908, 910–11 (Pa. Super. 2014), *appeal denied*, 106 A.3d 726 (Pa. 2015) (citation omitted).

In his first issue, Appellant claims that the trial court erred in precluding him from admitting evidence related to his consent to undergo a polygraph examination. (*See* Appellant's Brief, at 18). Specifically, he claims that the evidence was relevant to whether or not his admission was voluntary, because the polygraph was promised and not given. (*See id.*). We disagree.

Pennsylvania case law on the admissibility of reference to a polygraph test, which raises an inference as to either guilt or innocence, is clear that:

> Due to the unreliable nature of polygraph tests, the results of such tests that raise inferences of guilt or innocence are inadmissible at trial. **Moreover, any reference to a [polygraph test] which raises an inference concerning the guilt or innocence of a defendant is inadmissible.** As a result, we have been reluctant to permit any reference to a polygraph examination to be made before a finder of fact. . . .

*Commonwealth v. Watkins*, 750 A.2d 308, 315 (Pa. Super. 2000) (citations omitted; emphasis added).

Here, the trial court granted the Commonwealth's motion to preclude any reference to a polygraph test. The court concluded that "admitting the portions of the video tape regarding the polygraph examination would not be relevant to the present case. In addition, the fact that [Appellant] appeared for a polygraph examination is not probative of any fact." (Trial Ct. Op., at 2). Upon review, we conclude that the trial court's decision to exclude evidence of Appellant's consent to a polygraph examination was not an

- 6 -

abuse of its discretion. **See Hoover**, **supra** at 729; **Watkins**, **supra** at 315. Appellant's first issue does not merit relief.

Appellant has framed his second issue as a challenge to the sufficiency of the evidence to support his conviction of indecent assault. (**See** Appellant's Brief, at 5, 20-21). However, in his argument, he challenges the consistency and credibility of the victim's testimony and argues that although the victim testified at trial that he touched her buttocks, she did not state this in the forensic interview. (**See id.**). Appellant's claim is waived.

Challenges regarding inconsistent testimony concern the weight, not the sufficiency of evidence. **See Commonwealth v. DeJesus**, 860 A.2d 102, 107 (Pa. 2004). "The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses. Questions concerning inconsistent testimony and improper motive go to the credibility of the witnesses." **Id.** (citation omitted); **see Evans**, **supra** at 532-33. However, "[i]t is well settled that this Court cannot entertain, in the first instance, a request for a new trial based upon a claim that the verdict is against the weight of the evidence." **Commonwealth v. Holley**, 945 A.2d 241, 245-46 (Pa. Super. 2008), *appeal denied*, 959 A.2d 928 (Pa. 2008) (citation omitted); **see** Pa.R.Crim.P. 607(A).

Here, Appellant did not challenge the weight of evidence orally or by written motion before sentencing or in a post-sentence motion. Thus, he did

not raise the issue before the trial court, and cannot raise it for the first time before this Court. *See Holley*, *supra* at 245-46; Pa.R.Crim.P. 607(A). Accordingly, it is waived. Moreover, even if properly preserved, it would not merit relief.

> A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if: . . . the complainant is less than 13 years of age[.] Furthermore, indecent contact is defined as [a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person.

*Evans*, *supra* at 533 (citations and quotation marks omitted).

Appellant essentially argues that the verdict was against the weight of the evidence because the victim's testimony was contradictory as to whether or not Appellant touched her buttocks after pulling down her pants. (*See* Appellant's Brief, at 20-21). It was the province of the jury sitting as the fact finder to pass upon the credibility of the evidence and to believe all, part, or none of the evidence presented. *See Evans*, *supra* at 532-33. At trial, the victim testified that, while she was sleeping, Appellant pulled down her pants and touched her left buttock. (*See* N.T. Trial, at 120). The Commonwealth also presented Appellant's admission that he grabbed her pants and pulled them down. (*See id.* at 173). After weighing the evidence and assessing the credibility of the victim, the jury determined that he was guilty of indecent assault. *See DeJesus*, *supra* at 107.

Upon review, we would conclude that the jury's verdict of guilt for indecent assault would not have shocked one's sense of justice. *See*

*Weathers*, *supra* at 910-11. Furthermore, it is clear that the evidence at trial was sufficient to establish that Appellant was guilty of indecent assault. *See Evans*, *supra* at 532-33; *see also Commonwealth v. Vosburg*, 574 A.2d 679, 682 (Pa. Super. 1990), *appeal denied*, 602 A.2d 859 (Pa. 1991) ("eight-year-old victim [testimony] that she had felt someone pulling on her underwear while she lay in bed . . . was sufficient evidence for the jury to conclude, beyond a reasonable doubt, that an indecent assault occurred[.]") (footnote omitted). Appellant's second issue would not merit relief.

In his final issue, Appellant has attempted to challenge the sufficiency of the evidence for his conviction of **attempted** indecent assault. (*See* Appellant's Brief, at 21-22). However, Appellant did not include this issue in his Rule 1925(b) statement of errors complained of on appeal, and accordingly it is waived. (*See* Statement of [Errors] Complained of on Appeal, 3/31/16, at unnumbered pages 1-2) (alleging errors concerning admissibility of polygraph related evidence and insufficiency of evidence to support conviction for count 1, indecent assault); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.").

Furthermore, Appellant's argument on this issue is underdeveloped and does not contain any citations to the record. (*See* Appellant's Brief, at 21-22). He fails to support his claim regarding insufficiency of the evidence for his conviction of attempted indecent assault with citation to, and discussion of, any pertinent legal authority. Instead, the argument includes

only one paragraph simply claiming that there was no evidence showing that Appellant intended to touch the victim's buttock, and thus any inference of intent would be speculation. (*See id.*). Thus, we conclude he has waived his claim for this reason as well. *See Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007), *appeal denied*, 982 A.2d 509 (Pa. 2007) ("The failure to develop an adequate argument in an appellate brief may [ ] result in waiver of the claim under Pa.R.A.P. 2119.") (citation and quotation marks omitted). Moreover, even if properly preserved and developed, Appellant's claim that the evidence was insufficient to support his conviction of attempted indecent assault would not merit relief.

"[A]n attempt or solicitation to complete the offense charged is a lesser-included offense. The evidence that the Commonwealth must present in an attempt to show that the defendant committed that crime, if sufficient, is necessarily sufficient to show that he took a substantial step toward committing that crime." *Commonwealth v. Sims*, 919 A.2d 931, 941 (Pa. 2007). "This Court has previously acknowledged that intent can be difficult to prove directly because it is a subjective frame of mind. However, the fact-finder is free to conclude that the accused intended the natural and probable consequences of his actions to result therefrom." *Commonwealth v. Faulk*, 928 A.2d 1061, 1070 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008).

Here, the evidence demonstrated that Appellant pulled down the victim's pants and touched her buttock. The jury was free to conclude that

Appellant intended to do so. **See Faulk**, **supra** at 1070. Therefore, we would conclude that the evidence was sufficient to prove that Appellant was guilty of attempted indecent assault. **See Sims**, **supra** at 941; **Evans**, **supra** at 532-33; **Vosburg**, **supra** at 682. Accordingly, Appellant's third issue would not merit relief.

Finally, "[a]lthough appellant has not raised the question of the imposition of an illegal sentence, we may raise the issue, *sua sponte*, since the question of the legality of the sentence is never waived." **Commonwealth v. Fortune**, 451 A.2d 729, 731 (Pa. Super. 1982) (citation omitted). "Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence. Consequently, our standard of review is *de novo* and the scope of our review is plenary." **Commonwealth v. Calhoun**, 52 A.3d 281, 284 (Pa. Super. 2012), *appeal denied*, 67 A.3d 793 (Pa. 2013) (citation omitted).

"[A]n attempt or solicitation to complete the offense charged is a lesser-included offense." **Sims**, **supra** at 941 (citation omitted). Inchoate crimes, such as criminal attempt, "merge only when directed to the commission of the same crime, not merely because they arise out of the same incident." **Commonwealth v. Jones**, 39 A.3d 977, 983 (Pa. 2012) (citation omitted). "Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." 42 Pa.C.S.A. § 9765.

Here, Appellant's criminal attempt conviction and indecent assault conviction arose out of the same incident; and the criminal attempt was directed to commit the crime of indecent assault. Thus, the two charges should have merged for sentencing. *See Jones*, *supra* at 983. Accordingly, the trial court was only permitted to sentence Appellant on the higher graded offense, indecent assault. *See* 42 Pa.C.S.A. § 9765. Therefore, we vacate Appellant's judgment of sentence and remand for resentencing. *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006), *appeal denied*, 946 A.2d 687 (Pa. 2008) ("If our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan.") (citation omitted).

Judgment of sentence vacated. Case remanded for resentencing. Panel jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2016

- 12 -